**[J-82-2016] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| WILLIAM PENN SCHOOL DISTRICT; PANTHER VALLEY SCHOOL DISTRICT; THE SCHOOL DISTRICT OF LANCASTER; GREATER JOHNSTOWN SCHOOL DISTRICT; WILKES-BARRE AREA SCHOOL DISTRICT; SHENANDOAH VALLEY SCHOOL DISTRICT; JAMELLA AND BRYANT MILLER, PARENTS OF K.M., A MINOR; SHEILA ARMSTRONG, PARENT OF S.A., MINOR; TYESHA STRICKLAND, PARENT OF E.T., MINOR; ANGEL MARTINEZ, PARENT OF A.M., MINOR; BARBARA NEMETH, PARENT OF C.M., MINOR; TRACEY HUGHES, PARENT OF P.M.H., MINOR; PENNSYLVANIA ASSOCIATION OF RURAL AND SMALL SCHOOLS; AND THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE-PENNSYLVANIA STATE CONFERENCE, <br><br> Appellants <br><br><br> v. <br><br><br> PENNSYLVANIA DEPARTMENT OF EDUCATION; JOSEPH B. SCARNATI III, IN HIS OFFICIAL CAPACITY AS PRESIDENT PRO-TEMPORE OF THE PENNSYLVANIA SENATE; MICHAEL C. TURZAI, IN HIS OFFICIAL CAPACITY AS THE SPEAKER OF THE PENNSYLVANIA HOUSE OF REPRESENTATIVES; TOM WOLF IN HIS OFFICIAL CAPACITY AS THE GOVERNOR OF THE COMMONWEALTH OF PENNSYLVANIA; PENNSYLVANIA STATE BOARD OF | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | No. 46 MAP 2015 <br><br> Appeal from the Order of the Commonwealth Court entered on April 21, 2015 at No. 587 MD 2014. <br><br> ARGUED: September 13, 2016 |

EDUCATION; AND PEDRO A. RIVERA,        :
IN HIS OFFICIAL CAPACITY AS THE        :
SECRETARY OF EDUCATION,                :
                                       :
          Appellees                    :

## DISSENTING OPINION

**JUSTICE BAER**                    **DECIDED: September 28, 2017**

I join Chief Justice Saylor's well-reasoned Dissenting Opinion. I write separately to note that, in my view, the Majority unwisely discards this Court's precedent which holds that inquiry into whether the General Assembly is satisfactorily providing "for the maintenance and support of a thorough and efficient system of public education to serve the needs of the Commonwealth"[1] presents a non-justiciable political question. *E.g.*, *Marrero ex rel. Tabalas v. Com.*, 739 A.2d 110 (Pa. 1999). I emphasize that, ultimately, the Majority's decision only allows Appellants' constitutional claims to survive preliminary objections, and Appellants undeniably have to overcome a considerable burden to prove that the educational scheme adopted by the General Assembly fails to pass constitutional muster. *See Bilbar Const. Co. v. Bd. of Adjustment of Easttown Twp.*, 141 A.2d 851, 855 (Pa. 1958) ("The rule is well established that the burden of proving clearly and unmistakably the unconstitutionality of a legislative enactment is upon the person so asserting."). Yet, by holding as it does, the Majority has placed the judiciary in the untenable role of second-guessing the General Assembly's educational policy decisions.

To be clear, I am empathetic to Appellants' cause, as a quality public education system is vital. However, the phrase "thorough and efficient," as it is used in the

---

[1] PA. CONST. art. III, § 14.

Education Clause, does not lend itself to a readily definable legal concept. Further, and perhaps more importantly, the judicial branch is ill-equipped to determine whether a particular educational scheme meets the disparate needs of the approximately 500 school districts in this Commonwealth. Indeed, I believe that the judiciary encroaches on the General Assembly's policy and legislative roles by engaging in such determinations. Thus, to avoid intrusion on the separation of powers, these questions should be left exclusively to the General Assembly to consider.

Finally, I find that the Majority's decision has opened the door to the possibility of the judiciary being entangled in decades of protracted litigation over legislative policy decisions regarding the Commonwealth's educational system. Like the Chief Justice, I heed the warning of the Supreme Court of Nebraska: "The landscape is littered with courts that have been bogged down in the legal quicksand of continuous litigation and challenges to their states' school funding systems." *Nebraska Coal. for Educ. Equity & Adequacy (Coal.) v. Heineman*, 731 N.W.2d 164, 183 (Neb. 2007). Rather than miring our courts in such quicksand, I would determine that we should abstain from addressing the political question as to whether the General Assembly is properly providing "for the maintenance and support of a thorough and efficient system of public education to serve the needs of the Commonwealth[.]"